**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                        |   |                              |
|------------------------|---|------------------------------|
| LUCEIL A. MCKINNEY,    | : |                              |
|                        | : |                              |
|                        | : |                              |
| v.                     | : |                              |
|                        | : | Civil Action No. CCB-09-1065 |
| FULTON BANK            | : |                              |
|                        | : |                              |

...o0o...

## MEMORANDUM

Now pending before the court is defendant Fulton Bank's motion to dismiss. Plaintiff Luceil A. McKinney has sued Fulton Bank, as successor by merger with Resource Bank, asserting claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.*, the Federal Reserve Board Regulation Z ("Regulation Z"), 12 C.F.R. § 226.1 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C § 2602 *et seq.*, the Maryland Commercial Code, the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-101 *et seq.*, and state common law. The issues in this case have been fully briefed and no hearing is necessary. For the reasons stated below, Fulton Bank's motion will be denied in part and granted in part.

## BACKGROUND

On March 2, 2006, Ms. McKinney applied for a construction/permanent loan from Fulton Bank in the amount of $930,000.00 to build a home at 2236 Mt. Tabor Road in Gambrills, Maryland ("Mt. Tabor house"). Instead, on April 27, 2006 (the "closing"), Ms. McKinney entered into a loan with Fulton Bank for $997,000.00. Ms. McKinney claims that Fulton Bank submitted fraudulent construction plans to its underwriting department to obtain approval for the loan. In addition, Ms. McKinney alleges that Fulton Bank violated several federal and state laws by failing

to make certain disclosures and issue documents on time. Ms. McKinney claims that Fulton Bank was required to issue her a financing agreement within ten days of submitting her loan application, but failed to issue it until March 20, 2006. In addition, Ms. McKinney alleges that although a bank must submit a commitment letter no later than ten days after the financing agreement and three days prior to closing, Fulton Bank did not issue her a commitment letter until the day of the closing. Furthermore, according to Ms. McKinney, Fulton Bank failed to provide an accurate TILA disclosure form at the closing. Ms. McKinney also alleges that Fulton Bank supplied a new financing agreement for a $997,000.00 construction/permanent loan at the closing, thereby unilaterally increasing her loan by $67,000.00. Ms. McKinney asserts that this increase forced her to refinance a $67,000.00 second mortgage on her principal residence, 3840 Twin Oaks Drive in Edgewater, Maryland ("Twin Oaks house"). Pursuant to this refinance, she executed two deeds of trust. The first was on the Mt. Tabor house, securing a debt of $997,000.000 for the purchase of land and construction of the Mt. Tabor house. The second was for Ms. McKinney's Twin Oaks house, securing a debt of $200,000.000.

Ms. McKinney claims that the deed of trust on the Twin Oaks house, as her principal dwelling, entitled her to a three-day right to cancel the loan transaction and that Fulton Bank should have informed her of this right. As Fulton Bank never provided Ms. McKinney with forms explaining her right to cancel, she claims she now has an extended right to cancel. She alleges that she exercised this right on or about April 6, 2009 by sending a letter to Fulton Bank's counsel rescinding her loan. Ms. McKinney also sent the rescission letter to Craig A. Roda, President and Chief Executive Officer for Fulton Bank, on April 24, 2009. According to Ms. McKinney, by exercising her right of rescission, she has automatically voided Fulton Bank's security interest and Fulton Bank retroactively has lost the right to charge interest, fees, and costs on the loan.

Nevertheless, Fulton Bank foreclosed on the Mt. Tabor house. As a result of the foreclosure, Ms. McKinney claims to have suffered thousands of dollars in damages relating to costs of the loan and improvements she made to the house such as installing a propane tank, alarm system, water treatment system, lighting, and appliances.

Ms. McKinney filed suit on April 24, 2009 to recoup these alleged damages and to rescind her loan from Fulton Bank. Ms. McKinney claims that Fulton Bank violated TILA, Regulation Z, and RESPA (Count I), the Maryland Commercial Code (Count II), and the MCPA (Count III). In addition, Ms. McKinney seeks to quiet title to the Twin Oaks house (Count IV) and brings state common law claims for breach of contract (Count V) and negligence (Count VI). Fulton Bank now moves to dismiss Counts I, III, IV, and VI of the complaint. Each challenged claim will be addressed in turn.

## ANALYSIS

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v.*

*Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual

allegations of a complaint "must be enough to raise a right to relief above the speculative level, ...

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).

Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief,"

offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to

relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## A. Counts I and IV

Ms. McKinney claims in Count I that Fulton Bank violated TILA, Regulation Z,[1] and

RESPA by failing to provide an accurate TILA disclosure, good faith estimate, and settlement

statement, as well as other required disclosures. In Count IV, Ms. McKinney asks the court to void

the $200,000 deed of trust on Twin Oaks and to quiet title to the property in herself. Ms. McKinney

does not specify under which sections of these statutes and regulations she brings her claims, but

Fulton Bank argues that her claims are either time-barred or that no cause of action exists for them.

### 1. TILA

Ms. McKinney asks for monetary damages in Count I of her complaint. Yet Fulton Bank

points out that actions to collect monetary damages under TILA must be brought "within one year

from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The latest date of any alleged

---

[1] Regulation Z, issued by the Federal Reserve Board, implements and clarifies the provisions of TILA. *See* 12 C.F.R. § 226.1(a).

violation in Ms. McKinney's complaint is April 27, 2006, the date of the closing, when Fulton Bank failed to provide Ms. McKinney with an accurate TILA disclosure form. (*See* Compl. ¶ 8.) Ms. McKinney did not file this lawsuit, however, until April 24, 2009, nearly three years after the latest alleged legal violation. Ms. McKinney does not contest the existence of the one-year statute of limitations, but asserts that the question of whether an action is time-barred is a mixed question of fact and law that may not be resolved on a motion to dismiss. When there is no factual dispute as to the date of the alleged violation, however, the court may determine whether a cause of action is time-barred as a matter of law. *See Fischer v. Viacom Int'l, Inc.*, 115 F. Supp. 2d 535, 539 (D. Md. 2000) (noting that whether an action is time-barred "may be taken from the jury when the court determines, as a matter of law, that the plaintiff did not file the suit within the prescribed time"). In this case, there is no dispute over the date of the closing and Ms. McKinney has not alleged any violations of TILA occurring after April 27, 2006. Therefore, Ms. McKinney may not bring a claim for monetary damages pursuant to 15 U.S.C. § 1640 of TILA.

In Count IV, Ms. McKinney also seeks to invoke her right to rescind the loan under TILA. *See* 15 U.S.C. § 1635(a). TILA grants consumers whose loans are secured by their principal dwellings the right to rescind their loan transactions "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later …." *Id.* If the lender never delivers the required disclosures to the consumer, the consumer has three years from "the date of the consummation of the transaction or upon the sale of the property, whichever occurs first," to exercise her right of rescission. § 1635(f).  When a consumer enters into a loan transaction to acquire or fund the initial construction of her dwelling, however, and the loan is secured by that same dwelling, the loan

constitutes a "residential mortgage transaction" which is exempt from the right of rescission. *See* § 1635(e)(1); 15 U.S.C. § 1602(w).

Ms. McKinney claims that she has retained her right of rescission because she never received an accurate TILA disclosure form and less than three years have passed between the date of the closing and the date on which she filed suit. Fulton Bank, however, argues that the right of rescission was never available to Ms. McKinney for the $200,000 Deed of Trust because it was secured by her Twin Oaks house, which was not her principal dwelling. Specifically, Fulton Bank points to Ms. McKinney's Uniform Residential Loan Application, where Ms. McKinney specified that the Mt. Tabor house would be her primary residence.[2] Fulton Bank argues that if the Mt. Tabor house was to be Ms. McKinney's primary residence, then the Twin Oaks house could not have been her principal dwelling at the time of the closing. Although an individual may only have one principal dwelling at a time, *see* 12 C.F.R. Pt. 226, Supp. I, § 226.23(a)(1)-3, an individual's principal dwelling may change once her new home is constructed. *See* 12 C.F.R. Pt. 226, Supp. I, § 226.23(a)(1)-4 (explaining that "when the consumer is acquiring or constructing a new principal dwelling, any loan subject to Regulation Z and secured by the equity in the consumer's current principal dwelling ... is subject to the right of rescission regardless of the purpose of that loan"). Thus the fact that Ms. McKinney identified the Mt. Tabor house as her future principal dwelling on the loan application does not rule out the possibility that the Twin Oaks house was her current principal dwelling at the time the loan was consummated. In addition, Ms. McKinney refers to the Twin Oaks house as her principal dwelling in her complaint. (*See* Compl. ¶ 17.) As this is a motion

---

[2] Ms. McKinney argues that the court may not consider the application on this motion to dismiss because it is outside of the pleadings. Yet Ms. McKinney refers to the application in her complaint, thereby incorporating it by reference into her pleading. (*See* Compl. ¶ 9.) Therefore, the court may consider the application on this motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference").

to dismiss, the court must "accept the well-pled allegations of the complaint as true," and not decide questions of fact. *Ibarra*, 120 F.3d at 474. Therefore, Ms. McKinney's claim to rescind her loan pursuant to TILA, 15 U.S.C. § 1635, and thereby quiet title to the Twin Oaks house, will remain in the lawsuit at this time.

    *2.  RESPA*

    Ms. McKinney also claims that Fulton Bank violated RESPA in Count I of her complaint. She does not cite specific sections of RESPA, but she appears to claim that the law was violated by Fulton Bank's failure to provide an accurate good faith estimate, an accurate settlement statement at least one day prior to the transaction closing date, and required disclosures prior to the closing. Ms. McKinney's RESPA claim fails, however, because RESPA does not provide a private cause of action for any of the alleged violations. 12 U.S.C. § 2614 provides a private right of action for actions brought pursuant to 12 U.S.C. §§ 2605, 2607, and 2608.[3] Several courts considering whether other RESPA provisions carry an implied cause of action under the *Cort v. Ash*, 422 U.S. 66, 78 (1975), analysis[4] have concluded that Congress's decision to reference only three RESPA

---

[3] 12 U.S.C. § 2614 states:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.

[4] *Cort* set forth the following four-part test for determining whether a private right of action is implied in a statute:

> First, is the plaintiff "one of the class for whose especial benefit the statute was enacted," -that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

provisions in § 2614 strongly indicates a lack of congressional intent to grant private rights of action for other provisions of RESPA. *See Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997); *Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1301-02 (5th Cir. 1995); *Allison v. Liberty Sav.*, 695 F.2d 1086, 1089-91 (7th Cir. 1982); *Sarsfield v. Citimortgage, Inc.*, 667 F. Supp. 2d 461, 467 (M.D. Pa. 2009). *But see Vega v. First Fed. Sav. & Loan Ass'n*, 622 F.2d 918, 925 n.8 (6th Cir. 1980) (holding that RESPA creates a private right of action for violations of 12 U.S.C. §§ 2609 and 2610).

Ms. McKinney does not claim that Fulton Bank violated any of the sections of RESPA for which a private cause of action has been recognized. *See* 12 U.S.C. § 2605 (mandating disclosures relating to the assignment, sale, or transfer of a loan); 12 U.S.C. § 2607 (prohibiting kickbacks and unearned fees); 12 U.S.C. § 2608 (prohibiting sellers from requiring the buyer to purchase title insurance from a particular title company). In addition, Ms. McKinney has not responded to Fulton Bank's arguments regarding RESPA in her opposition brief. Accordingly, any claims asserted under RESPA will be dismissed.

### B. Count III

Count III of the complaint claims that Fulton Bank committed unfair and deceptive trade practices, in violation of the MCPA, by knowingly failing to disclose material facts to Ms. McKinney and by making material representations to her regarding the terms of the loan. Ms. McKinney claims she detrimentally relied on these misrepresentations because she otherwise would not have entered into the loan. Ms. McKinney also claims, "on information and belief," that Fulton

---

422 U.S. at 78 (internal citations omitted). More recent Supreme Court decisions have emphasized that congressional intent is the most important factor to be considered. *See Alexander v. Sandoval*, 532 U.S. 275, 287 (2001) (noting that the Court has "sworn off the habit of venturing beyond Congress's intent" with regard to implying private causes of action); *Thompson v. Thompson*, 484 U.S. 174, 179 (1988) (explaining that "[t]he intent of Congress remains the ultimate issue").

Bank submitted fraudulent construction plans to its underwriting department to obtain approval of the loan. (Compl. ¶ 26.) As a result, the loan was approved and Fulton Bank later made financial demands, including a demand for a large principal curtailment, that Ms. McKinney could not meet.

As Ms. McKinney's MCPA claim sounds in fraud, it is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See Haley v. Corcoran*, 659 F. Supp. 2d 714, 724 n.10 (D. Md. 2009); *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007). Under Rule 9(b), Ms. McKinney must state her claim of fraud with particularity, specifying the "date, place and time of active misrepresentations or the circumstances of active concealments …." *Johnson*, 492 F. Supp. 2d at 509. Ms. McKinney has not provided any of these facts in her complaint, nor has she identified the content of the alleged misrepresentations and fraudulent construction plans or the identity of the individuals responsible for them. Accordingly, Ms. McKinney has failed to state her MCPA claim with sufficient particularity and Count III must be dismissed.

### C.  Count VI

Finally, Fulton Bank argues that Ms. McKinney's negligence claim should be dismissed. Under Maryland law, a plaintiff must establish four elements to prove negligence: (1) a duty owed by the defendant; (2) a breach of that duty by the defendant; (3) "a legally cognizable causal relationship between the breach of duty and the harm suffered"; and (4) damages. *Jacques v. First Nat'l Bank of Md.*, 515 A.2d 756, 758 (Md. 1986). Fulton Bank argues that Ms. McKinney cannot state a claim for negligence because it never owed her a duty of care. Yet Ms. McKinney notes that in *Jacques v. First Nat'l Bank of Md.*, the Maryland Court of Appeals found that a bank did owe a consumer a duty of care in a loan transaction. Although the *Jacques* court recognized a duty of care arising from the parties' contractual relationship, the existence of the contract was not entirely

dispositive. *See Jacques*, 515 A.2d at 759 (noting that a contractual duty does not "by that fact alone become a tort duty" and that "every contractual duty does not also impose a tort duty").

Indeed the court stated that "[t]he mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort." *Id.* (quoting *Heckrotte v. Riddle*, 168 A.2d 879, 882 (1961)). Instead, to recognize a duty of care in a case involving parties to a contract, a court must find a duty that "is imposed by or arises out of the circumstances surrounding or attending the transaction …." *Id.* (quoting *Slacum v. Trust Co.*, 163 A. 119, 120 (1932)). In recognizing a tort duty in *Jacques*, the court first found that a contract had been created between the parties and then examined "whether a concomitant tort duty should be recognized under these circumstances." *Id.* at 762. In *Jacques*, the circumstances included an unusual financing agreement that left the plaintiffs in a vulnerable position with respect to the bank and the bank's awareness of that vulnerability. *See id.* at 762-63.

The Fourth Circuit has interpreted the holding of *Jacques* as limited to circumstances involving a vulnerable party. *See Lawyers Title Ins. Corp. v. Rex Title Corp.*, 282 F.3d 292, 294 (4th Cir. 2002). The court referred to the *Jacques* holding as a "narrow exception" to the general rule that "Maryland does not recognize a cause of action for negligence arising solely from a contractual relationship between two parties." *Id.* at 293-294. Instead, a tort duty only arises if a contractual obligation is accompanied by an independent duty. *See id.* at 294. In the present case, however, Ms. McKinney has not articulated any independent duty owed to her by Fulton Bank that is separate from its contractual obligations. Ms. McKinney's allegations of negligence are really breach of contract claims. Indeed the claims that Fulton Bank failed to convert the loan to a permanent loan and altered the terms of the loan after the closing appear in both Count VI, for negligence, and Count V, for breach of contract. (*See* Compl. ¶¶ 50(a)-(b), 54(a)-(b).) In addition, there is no

10

indication that Ms. McKinney is a vulnerable party. Therefore, there are no special circumstances warranting a departure from the general rule that contractual relationships do not give rise to causes of action for negligence. Accordingly, Count VI will be dismissed.

## **CONCLUSION**

For the foregoing reasons, Fulton Bank's motion to dismiss will be denied in part and granted in part. A separate Order follows.

June  21, 2010                                                        _____/s/_____
Date                                                                     Catherine C. Blake
                                                                            United States District Judge